IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case Number: 2:25-cv-00179-SPC-KCD

GS HOLISTIC, LLC,

        Plaintiff,

v.

SRF CAPITAL INVESTMENT, INC.
d/b/a GRAB'N GO SMOKE AND
VAPE, MD RASHEDUL ISLAM, and
FAISAL NUREE,

        Defendants.
_____/

## DECLARATION AS TO DAMAGES

Pursuant to 28 U.S. Code § 1746, Christopher Folkerts, (hereinafter referred to as the "DECLARANT"), states as follows:

1.    I am the owner and Chief Executive Officer of the Plaintiff, GS Holistic, LLC ("GS"), a California based company.

2.    GS is the owner of twenty United States Trademarks related to their G Pen products.

3.    Since 2012, when GS began marketing and selling products with the G Pen Trademarks on them, we have been dealing with a massive amount of counterfeit products being sold throughout the United States, including in stores in the State of Florida.

4. The G Pen Trademarks are associated with user-friendly portable vaporizers and related accessories, which are engineered as the most advanced and user-friendly portable vaporizers in the world due to their innovation and technology.

5. GS has built a reputation within the industry throughout the United States based on the high quality of its products. Because of this goodwill and reputation, the G Pen Trademarks and GS in general have become famous.

6. The name G Pen and the G Pen Trademarks have earned a new meaning, as owning a G Pen product is considered among the best portable vaporizers available.

7. In keeping with this superior standard, the sellers of G Pen products must be authorized retailers in order to sell genuine products.

8. On February 19, 2025, counterfeit products bearing the G Pen Trademarks registered to GS were sold by the Defendant store.

9. The store sold the fake product bearing the G Pen Marks for $24.00 when the actual sales price of the real product at retail is $100.00, which is deceptive and confusing to the buyer as the price point is almost identical.

10. The Defendant, which is in the business of selling vaporizers and accessories, knew the price G Pen products, such as the one that was sold, and that the product the Defendants sold are far inferior quality to the authentic G Pen.

11. The Plaintiff, as well as the DECLARANT never consented to the

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

Defendants selling goods that are not authentic (and that are inferior to) G Pen products, labeled with copies of the G Pen Trademarks.

12. The sale of fake G Pen products, creates a false affiliation to GS and the G Pen, and creates confusion in the marketplace, and among consumers of G Pen products.

13. In this instant case, the Court should award $50,000 in statutory damages per trademark infringed, which in this case was five Trademarks, for a total of $250,000 in statutory damages.

14. The actions were done willfully, as the Defendants were well aware that the same product, that the Defendants sold, was of far inferior quality yet sold for almost the exact retail price of an authentic G Pen.

15. The Defendant store is in the business of selling vaporizers and accessories and knows the actual value of an authentic G Pen product. Despite this knowledge, the Defendants willfully sold the fake product, for profit, while not purchasing real G Pen products from the Plaintiff.

16. As such, the Defendants have willfully infringed on the Plaintiff's Trademarks with the Registration Numbers 4,390,645, 5,368,594, 4,470,963, 4,616,071, and 4,466,586.

17. The counterfeiting and infringing actions of the Defendants have caused the Plaintiff to suffer losses, as he has lost consumer good-will, loss of brand reputation, confusion in the marketplace, and lost profits based on the

systematic sale of fake G Pen products. Unfortunately, due to the Defendants' failure to appear or otherwise participate in meaningful discovery, the DECLARANT is unable to establish the exact volume of counterfeit GS Products sold by the Defendants beyond that of the sale to the Investigator.

18. Although how much of the loss of consumer good-will, loss of brand reputation, and confusion in the marketplace suffered from the Plaintiff resulted from the Defendants' counterfeiting and infringing actions is not easy to determine due to the lack of the Defendants' participation in the lawsuit, every counterfeiting and infringing sale made by the Defendants have contributed to the Plaintiff's losses.

19. While the Defendants may not have sold millions of counterfeit products, it has engaged in the purchase and sale of counterfeits of at least one unit, and likely traded in more as similar retailers have done nationwide, as well as, in Florida.

20. The counterfeiting and infringing actions of the Defendants are rampant in this industry. The Defendants and others in the industry need to be deterred from continuing their counterfeiting and infringing conduct, justifying the Plaintiff's request for $250,000.00 in statutory damages and request for injunctive relief.

I declare under penalty of perjury that the foregoing is true and correct. Executed on 6/10/2025 .

DocuSigned by:

*Christopher Folkerts*
A6326A351F7E4CD...

CHRISTOPHER FOLKERTS

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222